UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

In Re:                                              )
                                                    )
GREG ALLEN BATTERSON, SR.                           )
                                                    )
                                                    )
                                                    )   Case No.      15-10843-R
                          Debtor.                   )                 (Chapter 13)

**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN**

COMES NOW Lonnie D. Eck, Standing Chapter 13 Trustee for the Northern District of Oklahoma, and for his objection states:

1. The Debtor filed an Amended Chapter 13 Plan on September 9, 2015 (the "Plan").

2. The Plan must be amended to properly provide for monthly payment amounts. *See* Local Rule 3070-1(A). Additionally, the Plan should be amended so that all Plan payment amounts are whole numbers. This issue was raised in the Trustee's Objection to Confirmation filed on July 8, 2015.

3. The Plan must be amended to properly provide for the secured claim of the Oklahoma Tax Commission (Claim No. 1). Additionally, the Plan must be amended to adequately provide for the priority claim of the Oklahoma Tax Commission (Claim No. 13).

4. The Plan must be amended to properly identify Counsel for the Debtor as the claimant entitled to attorney fees and must specify the total amount due on such fees. This issue was raised in the Trustee's Objection to Confirmation filed on July 8, 2015.

5. The Plan must be amended to properly provide for the mortgage arrearage claims of Ocwen Loan Servicing, LLC (Claim No. 11) and ClearSpring Loan Service (Claim No. 12). Additionally, the Plan should be amended to clearly indicate that those claims are being treated

as long-term debts. *See* 11 U.S.C. § 1322(b)(5). Ocwen Loan Servicing, LLC has objected to confirmation of the Plan.

6. The Plan attempts to retroactively reduce payments which have already come due and were received by the Trustee's office. *See In re Kenney*, 399 B.R. 516 (Bankr. N.D. Okla. 2008).

7. Jackson Automotive Resources has objected to confirmation of the Plan. This objection must be resolved prior to confirmation.

8. The Trustee raises the issue of good faith in the retention of and payment for a leased vehicle. The Debtor's schedules indicate that the Debtor owns a Hummer free and clear of any liens, and the Debtor testified at the Section 341(a) Meeting of Creditors on August 12, 2015, that the leased vehicle was driven but not paid for by his children.

9. The Plan should be amended to include a provision stating that the Debtor is to timely file all yearly income tax returns during the pendency of the case, immediately provide the Trustee with complete and accurate copies of the income tax returns upon filing, and submit to the Trustee any and all income tax refunds received, less earned income tax credit, as payments in addition to the regular payments made under the Plan.

10. The record does not reflect service of the Plan and Order setting the deadline for filing objections to confirmation of the Plan.

11. Based on the Debtor's net income as shown on Schedule J and the claims filed to date in this case, the Trustee raises the issue of feasibility. The Trustee questions whether the Debtor "will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

12. Prior to confirmation, the Debtor must file a Pre-Confirmation Certification (Local Form 3015-3).

WHEREFORE, the Standing Chapter 13 Trustee prays that the Court deny confirmation of the Plan.

          s/ Lacey S. Bryan
          Lonnie D. Eck, Standing Chapter 13 Trustee
          Lacey S. Bryan, OBA #31501
          Office of the Standing Chapter 13 Trustee
          Northern District of Oklahoma
          PO Box 2038
          Tulsa, Oklahoma  74101-2038
          Telephone: (918) 599-9901
          Fax: (918) 587-0364

## CERTIFICATE OF MAILING

I, Lacey S. Bryan, hereby certify that on the date the above and foregoing pleading was filed with the Court, a true and correct copy thereof was mailed, by first-class mail, postage prepaid to each of the following:

Greg Allen Batterson, Sr.
2208 N 2nd Pl
Broken Arrow, OK 74012

Service will be accomplished electronically through the Court's CM/ECF system on the following:

D. Mitchell Garrett, Jr.
Attorney for the Debtor

          s/ Lacey S. Bryan
          Lacey S. Bryan, OBA #31501